STATE *vs.* ARAM K. BERBERIAN.

JANUARY 28, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a criminal complaint which charges that the defendant did willfully and unlawfully drive a motor vehicle over a raised safety zone at Westminster and Weybosset streets in the city of Providence in violation of section 17 of traffic regulation No. 57. After a trial before a justice of the superior court sitting without a jury, trial by jury having been expressly waived on the record, the defendant was found guilty as charged. He excepted to such decision and has brought the case here by his bill of exceptions containing that exception and also an exception to the admission of a copy of an ordinance of the city of

Providence establishing a traffic engineering department and providing for the appointment of a traffic engineer.

The facts are not in dispute. The defendant parked his automobile at the junction of Westminster and Weybosset streets on an island which, according to the testimony of the city traffic engineer, was designed and constructed to channelize the flow of traffic and to serve as a refuge for pedestrians. The island is a concrete structure built approximately six inches above the black asphalt pavement of the street. Section 1 of traffic regulation 57 provides that a safety zone is "The area or space officially set apart within a roadway for the exclusive use of pedestrians and which is protected or is so marked or indicated by proper signs as to be plainly visible at all times while set apart as a safety zone." Section 17 provides, "It shall be unlawful for the operator of a vehicle at any time to drive the same over or through a safety zone as defined in this Regulation."

Traffic regulation 57 was adopted by the bureau of police and fire on October 29, 1940, pursuant to the provisions of public laws 1935, chapter 2275. All power over the regulation and control of traffic in the city was vested exclusively in the bureau, but until the bureau exercised such power the act expressly provided in sec. 14 that "All the ordinances of said city and the rules, orders and regulations of the board of aldermen or other competent authority in force at the time this act goes into effect relative to the regulation and control of traffic * * * not inconsistent with the provisions of this act shall continue in force until otherwise ordered by said bureau."

However, by P. L. 1948, chap. 2067, the legislature authorized the city council to establish a department of traffic engineering the head of which should be a qualified traffic engineer. Section 2 of the act provided that upon the establishment of such department the traffic engineer "shall have authority to make all needful rules and regulations for the regulation and control of traffic in said city, not in-

consistent with the laws of the state now vested in the bureau of police and fire *. * *." And sec. 6 further provided that "all powers with respect to traffic heretofore vested in the bureau of police and fire * * * shall cease and determine * * *." The legislature did not incorporate in the act a clause saving the regulations of the bureau, as it did in P. L. 1935, chap. 2275, sec. 14, saving the traffic regulations of the board of aldermen.

Pursuant to the power conferred upon it by P. L. 1948, chap. 2067, the city council enacted an ordinance, chapter 163, establishing a traffic engineering department and providing for the appointment of a traffic engineer, which ordinance was approved on October 21, 1948. The council apparently undertook to save the traffic regulations of the bureau by providing in sec. 7 of such ordinance that "All existing laws, ordinances, rules and regulations governing the regulation and control of traffic, including parking, shall remain in full force and effect until changed by the Traffic Engineer." It appears from the record in the instant case that, at the time of the alleged offense of defendant, traffic regulation 57 of the bureau of police and fire had not been changed. It does not appear that the traffic engineer promulgated the regulations in exercise of the power expressly conferred upon him by P. L. 1948, chap. 2067, but assumed that they continued in full force and effect by virtue of sec. 7 of chap. 163 of the ordinances.

The defendant contends that as a result of the enactment of P. L. 1948, chap. 2067, and the failure of the legislature to include therein a clause saving the regulations of the bureau of police and fire until changed by the traffic engineer, traffic regulation 57 became void upon the enactment of the ordinance establishing the traffic engineering department and providing for the appointment of a traffic engineer. He also contends that if regulation 57 is nevertheless valid then all of its provisions are in force and effect and must be complied with by the traffic engineer. One of those

provisions is sec. 12 with which he contends the traffic engineer was required to comply and neglected to do so. The defendant has made several other contentions which if sustained would require the dismissal of the complaint, but on the view which we take of his contention with reference to noncompliance with sec. 12(a) of regulation 57 it will not be necessary to consider them.

Assuming without deciding that regulation 57 continued in force and effect notwithstanding the absence of a saving clause in P. L. 1948, chap. 2067, and regardless of the fact that the traffic engineer did not exercise the power vested in him by that chapter, we are of the opinion that sec. 12 of the regulation was binding upon the traffic engineer in locating safety zones. That section reads in part as follows, "(a) For the protection of pedestrians, the City Traffic Engineer, from time to time, is authorized to locate safety zones, by suitable designations, within the roadways of squares or highways, subject to the approval of the Bureau of Police and Fire."

Since the record in the case at bar does not show that the safety zone in question at Westminster and Weybosset streets was approved by the bureau of police and fire, it was not validly established. Hence defendant could not lawfully be charged with violating sec. 17 of traffic regulation No. 57. The trial justice erred in refusing to dismiss the complaint on this ground.

The defendant's exception to the decision of the trial justice is sustained, and the case is remitted to the superior court with direction to dismiss the complaint and discharge the defendant.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Special Counsel, for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.